Nov. Term,
1838.

COZINE
v.
TOUSEY.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*S. C. Stevens*, for the plaintiff.
*J. Dumont*, for the defendant.

---

COZINE and Another *v.* TOUSEY.

A motion to set aside a declaration on account of a variance between it and the writ, must be made on or before the day for which the cause is docketed for trial, at the first term of the Circuit Court.

In declaring in debt, it is not necessary to state in the *queritur* the sum demanded; and if a sum, but not the correct one, be there stated, it is surplusage and ought to be rejected.

Saturday,
November 24.

ERROR to the *Dearborn* Circuit Court.

DEWEY, J.— The plaintiff below declared in debt, and in the beginning of his declaration stated his demand to be 123 dollars. The cause of action set out is a sealed note for 109 dollars.

The action was docketed for trial on the second day of

the term of the Circuit Court ; on that day the defendants prayed *oyer* of the note, and were ruled to plead on the next calling of the cause. On the third day of the term, they moved the Court " to set aside the declaration" on account of a variance between it and the writ. The motion was overruled. The defendants then demurred generally to the declaration. The demurrer was overruled, and judgment rendered for the plaintiff.

The decisions of the Court in overruling the motion to set aside the declaration, and in not sustaining the demurrer, are the errors assigned.

By our practice act, pleas in abatement must be filed on or before the day for which the cause is docketed for trial, at the first term of the Circuit Court. The motion in this case was designed to perform the office of a plea in abatement, and though not within the letter of the statute, we think it is embraced by its spirit, and, therefore, not entitled to any greater privilege than the plea. It came too late, and was correctly refused.

The objection to the declaration urged under the demurrer, is, that the amount of debt demanded in the *queritur*, and that contained in the cause of action, do not agree.

In *England*, the statement of a sum certain in the *queritur* has become the rule of practice in the Court of Common Pleas, because, in that Court, the commencement of the suit is by the writ, and that part of the declaration has reference to it ; but in the King's Bench, where the proceedings are by bill, the rule is different. In the latter Court, it is held that no sum whatever need be stated in the beginning of the declaration, and that if one is erroneously inserted, it is superfluous and may be rejected. *Lord* v. *Houstoun*, 11 East, 62.

By our statute, the declaration may or may not precede the writ, at the option of the plaintiff. Where no writ has issued at the time of filing the declaration, it would be useless to refer to it in the latter; and where the writ has previously issued, to compel the plaintiff to make such reference would be introducing an inconvenient want of uniformity in our practice.

We have, therefore, come to the conclusion that in declaring in debt, it is not necessary to state the sum demanded in

the *queritur ;* and, of course, if a sum is there stated, but erroneously, it is surplusage and ought to be rejected (1).

*S. C. Stevens,* for the plaintiffs.
*G. H. Dunn* and *P. L. Spooner,* for the defendant.

(1) In an action of debt, it is immaterial that the aggregate of the sums claimed in several counts exceeds the amount claimed in the *queritur.* *Gardner* v. *Bowman,* 4 Tyrw. 412.