Sullivan, J.
The plaintiff, as treasurer of one of the school districts in Grant county, sued the defendant as township treasurer in an action of debt, alleging in his declaration that on the second Monday of March, 1840, the plaintiff filed with defendant a list of the children in said district "under the age of twenty-one years,” also a list made out by the teacher of the school of the district, showing the number of pupils sent to such school by persons entitled to a distributive share of the school funds of said district, verified by the affidavit of the teacher, and thereupon demanded the distributive share, to wit, &c., then in the hands of the defendant belonging to said dis-. trict, but defendant refused, &c. Pleas, 1, Nil debet. 2, Former judgment. At the trial, the plaintiff offered in evidence a paper, purporting to be " a list showing the number of scholars sent to school in said district, commencing on the 18th of November, 1839, and ending on the 5th of March, 1840,” verified by the affidavit of the teacher of the school. The defendant objected to the evidence, and it was excluded, to which the plaintiff excepted. "Verdict and judgment for the defendant.
It is not necessary to the decision of this case, that we should determine whether the Circuit Court did right or not, in rejecting the paper offered in evidence by the plaintiff. If *it be admitted that it tended to prove an important fact in the case, that is, that a school had been taught in the district, and that it should have been received for that purpose, there is still an objection, that meets us in limine, fatal to the plaintiff’s right to recover. It is, as to the right of the district treasurer to institute the suit in his *193 own name. The 15th chap, of the act incorporating congress? ional townships, &c., Rev. Stat., 1838, p. 509, which was the act in force at the time this suit was brought, authorized the district trustees to sue by that name in certain cases, but there was no authority given in any part of the statute to the treasurer to bring suit in his own name, in any case. The trustees had the general superintendence and control of the affairs of the district, and the treasurer was the agent of the board, upon whom the law devolved certain prescribed .duties, but the right to sue, as before stated, was not conferred.
A. Kennedy, for the plaintiff.
J. Brownlee, for the defendant.
The principle was settled in the case of Piggott v. Thompson, 3 Bos. & Pul., 147, whereby an agreement in writing signed by Thompson, he promised to pay to the treasurer of a board of commissioners appointed to drain lands, &c., the rent of certain tolls which he had hired, it was decided that no action for the rent could be supported in the name of the treasurer, the contract being in legal contemplation with the commissioners and to pay them.
Whether this suit should have been brought in the name of the disti’ict trustees, or whether it should have been brought on the official bond of-the township treasurer for their use, we are not now required to determine. We are satisfied that this suit can not be maintained by the present plaintiff, and that the judgment must be affirmed.
Per Curiam.—The judgment is affirmed with costs.