Nov. Term,
1845.

THOMPSON, School Commissioner, &c., v. WEAVER.

THOMPSON
v.
WEAVER.

A declaration in debt is not objectionable, because it claims less than the sum mentioned in the *queritur*.

A promissory note was payable to *J. T.*, school-commissioner of the county of, &c., for the use of congressional township No. 14, &c. *Held*, that *J. T.* might, under the act of 1843, sue on the note in his own name.

Saturday,
December 6.

ERROR to the *Parke* Circuit Court.

SULLIVAN, J.—Debt by the plaintiff against the defendant on a promissory note. Special demurrer to the declaration, and judgment for the defendant.

The declaration states that the defendant, on, &c., at, &c., made his promissory note, &c., by which he then and there promised to pay, twelve months after the date thereof, to the plaintiff, by the name and description of *James Thompson*, school-commissioner of the county of *Vermillion*, or his successor in office, for the use of congressional township No. 14 north, range No. 9 west, the sum of 206 dollars and 8 cents, with interest, &c., for value received; yet the defendant, although often requested, has not paid, &c.

The first objection to the declaration is, that the sum demanded in the *queritur* is greater than the sum declared for. The plaintiff, in his declaration, complains that the defendant is indebted, &c., in the sum of 300 dollars, and then sets out the contract as above stated. There is no validity in this objection. It is immaterial that the sums do not agree, and, indeed, it is not necessary to state the sum sued for in the *queritur*, and if it be erroneously stated it will not vitiate. *Cozine et al.* v. *Tousey*, 5 Blackf. 46.

The next objection is, that there is a variance between the declaration and the note sued on. That objection cannot prevail. The note, though it is copied into the transcript, forms no part of the record. The Circuit Court had not, nor has this Court, on a demurrer to the declaration, any means of judging whether there is a variance between the note and the declaration or not.

The point mainly relied on to support the judgment of the Circuit Court is, that this suit cannot be maintained in the name of the present plaintiff. It is argued that as the note is made payable to him as school-commissioner, for the use of

the congressional township, the township, which is a corpora- <span>Nov. Term, 1845.</span>
tion, should have brought the suit, as the contract, in legal
contemplation, was made with the corporation. Prior to the <span>Dudley v. Fisher.</span>
Rev. Stat. of 1843, the position of the defendant would have
been well taken. *Crawford* v. *Dean*, 6 Blackf. 181. But by
s. 108, a. 8, c. 13, of that revision, p. 253, we think the pre-
sent plaintiff is authorized to maintain the suit in his own
name. The section expressly provides, that for all moneys
due the congressional township, or district school funds, the
county auditor shall cause suits to be instituted in the name
of the obligee or payee of the instrument sued on, and the
money recovered to be paid to the school-commissioner of
his county. The intention of the legislature, by the above
enactment, was, it is presumable, to remove all doubts as to
who should be the plaintiff on the record in suits like the pre-
sent, and so to facilitate the collection of the school funds.
The Circuit Court erred, therefore, in sustaining the demurrer.

*Per Curiam.*—The judgment is reversed with costs. Cause
remanded, &c.

*J. M. Hanna*, for the plaintiff.

*W. P. Bryant*, for the defendant.