Nov. Term,
1852.
          Bowman and Another *v.* The State on the Relation of
Bowman                              Stewart.
v.
The State.

Debt by *The State* on the relation of *S.*, the clerk of the *Carroll* Circuit
Court upon a sealed note made payable to *W. C.*, school commis-
sioner, or to his successor in office, and given to secure a loan of funds
belonging to congressional township No. 26, &c., in *Carroll* county.
By an act of 1844 the office of auditor in said county was abolished and
its duties transferred to the clerk of the *Carroll* Circuit Court. By an
act of 1849 the office of school commissioner was abolished and its
duties transferred to the auditor and treasurer. *Held*, that by the act of
1844 the clerk of the *Carroll* Circuit Court became *ex officio* the auditor
of said county, and it was his duty to bring the present suit; but, *held*,
that, under the R. S. 1843, it should have been brought in the name of
the payee of the note.

*Friday,*          ERROR to the *Carroll* Circuit Court.
*December 3.*
          Smith, J.—Debt by *The State* on the relation of *Stewart*,
clerk of the *Carroll* Circuit Court, against the plaintiffs in
error upon the following sealed note :

"Five years after date, we, or either of us, promise to
pay to *William Crook*, school commissioner, or to his suc-
cessor in office, two hundred and twenty-five dollars, with
interest thereon, payable annually in advance, at the rate
of eight *per cent. per annum*, it being of funds belonging
to congressional township No. 26 north, of range 2 west,
in *Carroll* county. Value received. Witness, our hands
this 24th day of *August*, 1842."

There are four counts, all of a similar character. Gen-
eral demurrer to each count and judgment for the
plaintiff.

The plaintiffs in error contend that the suit is not
rightly brought in the name of the state on the relation
of the clerk of the *Carroll* Circuit Court, and we think
their objection is well taken.

It is provided by s. 108, c. 13, R. S., that for all moneys
due the congressional township fund, remaining unpaid,
the county auditor shall cause suits to be instituted in
the name of the obligee or payee of the instrument sued
on, and the money recovered to be paid to the school
commissioner of his county, &c.

Nov. Term,
1852.

The office of auditor in *Carroll* county was abolished by an act dated *January* 13th, 1844, (p. 48), and its duties transferred to the clerk of the Circuit Court. By the act of *January* 17th, 1849, (p. 124), the office of school commissioner is abolished and its duties transferred to the auditor and treasurer.

The clerk of the *Carroll* Circuit Court may, in consequence of the act of *January* 13th, 1844, be considered as *ex officio* the auditor of that county, and it was his duty to cause the suit to be brought, but it was unnecessary to make the state a party. It should have been brought in the name of the payee of the note. See *Thompson* v. *Weaver*, 7 Blackf. 552.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. H. Evans*, for the plaintiff.

*D. D. Pratt* and *H. Allen*, for the defendant.